TRACY L. WILKISON
Acting United States Attorney
BRANDON FOX
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. Bar No. 144524)
Assistant United States Attorney
Chief, Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4536
     Facsimile: (213) 534-5400
     E-mail:  joseph.johns@usdoj.gov
SONIA W. NATH (DC Bar No. 997095)
Special Assistant United States Attorney
Associate Chief Counsel for Enforcement
U.S. Food and Drug Administration
     10903 New Hampshire Ave. WO31-4568
     Silver Spring, MD 20903
     Telephone: (301) 796-8708
     E-mail:  sonia.nath@fda.hhs.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-cr-00026-SVW |
|---|---|
|     Plaintiff, | PLEA AGREEMENT FOR DEFENDANT HEMATOLOGY ONCOLOGY CONSULTANTS, GP |
|       v. | |
| HEMATOLOGY ONCOLOGY CONSULTANTS, a California General Partnership, | |
|     Defendant. | |

    1.   This constitutes the plea agreement between HEMATOLOGY ONCOLOGY CONSULTANTS, GP ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This Agreement is limited to the USAO

and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

2.   Defendant understands and agrees that this Agreement is part of a "package deal" in which the disposition of the case against defendant is tied to and conditioned on the disposition of cases against two other defendants, namely, Mark Goldstein and Stanley Rossman.  Accordingly, defendant and the USAO agree that this Agreement and the obligations it creates will not become binding on the USAO or defendant unless and until: (a) defendant executes this Agreement and enters a guilty plea in accordance with this Agreement; and (b) Mark Goldstein and Stanley Rossman execute their respective plea agreements with the USAO and enter guilty pleas in accordance with those agreements.  Defendant acknowledges that an authorized representative of defendant has discussed with defendant's attorney, and carefully considered, the possible advantages and disadvantages to defendant of entering into this Agreement as part of the package deal; defendant is entering into this Agreement as part of the package deal freely and voluntarily because this Agreement and the package deal is believed to be in defendant's best interests; and defendant is not entering into this Agreement as part of the package deal because of threats, coercion, or other undue influence by the USAO or by the other defendants who are part of the package deal, their counsel, or anyone acting on their behalf.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

3.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement

1  by defendant prior to that determination and whether or not defendant

2  elects to withdraw any guilty plea entered pursuant to this

3  agreement, this agreement will, with the exception of paragraph 18,

4  be rendered null and void and both defendant and the USAO will be

5  relieved of their obligations under this agreement.  Defendant

6  agrees, however, that if defendant breaches this agreement prior to

7  the Court's determination whether or not to accept this agreement,

8  the breach provisions of this agreement, paragraphs 24 and 25, will

9  control, with the result that defendant will not be able to withdraw

10 any guilty plea entered pursuant to this agreement, the USAO will be

11 relieved of all of its obligations under this agreement, and the

12 Court's failure to follow any recommendation or request regarding

13 sentence set forth in this agreement will not provide a basis for

14 defendant to withdraw defendant's guilty plea.

15                        <u>DEFENDANT'S OBLIGATIONS</u>

16      4.   Defendant agrees to:

17           a.   At the earliest opportunity requested by the USAO and

18 provided by the Court, appear and plead guilty to Count One of the

19 Information in the form attached to this agreement as Exhibit A, or a

20 substantially similar form, which charges defendant with Receiving

21 Prescription Drugs Imported Contrary to Law, in violation of 18

22 U.S.C. § 545.

23           b.   Not contest facts agreed to in this Agreement.

24           c.   Abide by all agreements regarding sentencing contained

25 in this Agreement.

26           d.   Appear for all court appearances and obey any other

27 ongoing court order in this matter.

28

e.   Agree that all court appearances, including arraignment, change of plea hearing, and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by Order of the Chief Judge 20-043 or another order, rule, or statute. Defendant understands that, under the United States Constitution, the United States Code, and the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), defendant may have the right to have its representative be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Section 15002(b) of the CARES Act to proceed with its change of plea hearing by VTC or telephone, if VTC is not reasonably available.

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with its sentencing hearing by VTC or telephone, if VTC is not reasonably available.

iii. Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this Agreement.

4

g.   Be truthful at all times with the United States Probation and Pretrial Services Office, all federal agencies, and the Court.

h.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>FORFEITURE AND FINANCIAL ACCOUNTABILITY</u>

5.   Defendant further agrees:

a.   To the entry as part of defendant's guilty plea of a money judgment of forfeiture against defendant in the amount of $650,000, which sum defendant admits was derived from proceeds traceable to the violations described in the factual basis. Defendant understands that the money judgment of forfeiture is part of defendant's sentence, and is separate from any fines or restitution that may be imposed by the Court.

b.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal and equitable defenses to the money judgment of forfeiture in any proceeding on any grounds including, without limitation, that the money judgment of forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that entry of the money judgment of forfeiture is part of the sentence that may be imposed in this case and waives any failure by

5

the Court to advise defendant of this, pursuant to Federal Rule of
Criminal Procedure 11(b)(1)(J), at the time the Court accepts
defendant's guilty plea.

THE USAO'S OBLIGATIONS

6.   The USAO agrees to:

a.   Not contest facts agreed to in this Agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement and affirmatively recommend to the Court that it
impose sentence in accordance with paragraphs 15 and 16 of this
agreement.

c.   Not pursue any additional criminal charges against
defendant for violations of federal law arising out of defendant's
conduct described in the agreed-to factual basis set forth below.
Defendant understands that the USAO is free to prosecute defendant
for any other past conduct or any unlawful conduct that occurs after
the date of this Agreement.

PARTNERSHIP AUTHORIZATION

7.   Defendant represents that it is authorized to enter into
this Agreement.  On or before the date of entry of its plea of
guilty, defendant shall provide to the USAO and the Court a notarized
legal document certifying that defendant is authorized to enter into
and comply with all of the provisions of this Agreement.  Such
partnership resolution shall designate a partnership representative
authorized to take these actions, enter a plea on defendant's behalf,
and indicate that all partnership formalities for such authorizations
have been observed.

1

## ORGANIZATIONAL CHANGES AND APPLICABILITY

2    8.   This Agreement shall bind defendant, its successor

3 partnership or corporation, if any, and any other person or entity

4 that assumes the liabilities contained herein ("successor-in-

5 interest").  No change in name, change in partnership or individual

6 control, business reorganization, change in ownership, merger, change

7 of legal status, sale or purchase of assets, or similar action shall

8 alter defendant's responsibilities under this Agreement.  Defendant

9 shall not engage in any action to seek to avoid the obligations and

10 conditions set forth in this Agreement.

11

## RESPONDEAT SUPERIOR

12    9.   The parties stipulate and agree that under principles of

13 corporate liability and respondeat superior, as these principles

14 apply in this case, defendant is liable for the actions of its agents

15 and employees.  New York Central and Hudson River R.R. v. United

16 States, 212 U.S. 481, 495 (1909); United States v. Beusch, 596 F.2d

17 871, 877-878 (9th Cir. 1979); United States v. Hilton Hotels

18 Corporation, 467 F.2d 1000, 1004-1007 (9th Cir. 1972).

19

## NATURE OF THE OFFENSES

20    10.  Defendant understands that for defendant to be guilty of

21 the crime of Receiving Prescription Drugs Imported Contrary to Law,

22 in violation of 18 U.S.C. § 545, the following must be true: (1)

23 Merchandise, in particular prescription drugs, had been brought into

24 the United States contrary to 21 U.S.C. § 331(d), and (2) an employee

25 of the defendant, operating within the scope of his or her

26 employment, and motivated, at least in part, by an intent to benefit

27 defendant, received and bought the prescription drugs knowing that

28 they had been brought into the United States contrary to law.

1

<u>PENALTIES AND RESTITUTION</u>

2      11.   Defendant understands that the statutory maximum sentence

3  that the Court can impose against a corporation or partnership for

4  the crime of Receiving Prescription Drugs Imported Contrary to Law,

5  in violation of 18 U.S.C. § 545, is: five years of probation; a fine

6  of $500,000 or twice the gross gain or gross loss resulting from the

7  offense, whichever is greatest; and a mandatory special assessment of

8  $400.

9

<u>SUSPENSION/REVOCATION/DEBARMENT</u>

10      12.   Defendant understands that if defendant holds any

11  regulatory license or permit, the conviction in this case may result

12  in the suspension or revocation of such license and/or permit.  By

13  this Agreement, the USAO makes no representation or promise

14  concerning suspension or debarment of defendant from contracting with

15  the United States or with any office, agency, or department thereof.

16  Suspension and debarment of organizations convicted under various

17  federal regulatory protection and criminal statutes is a

18  discretionary administrative action solely within the authority of

19  the federal contracting agencies.

20

<u>FACTUAL BASIS</u>

21      13.   Defendant admits that defendant is, in fact, guilty of the

22  offense to which defendant is agreeing to plead guilty.  Defendant

23  and the USAO agree to the statement of facts attached hereto as

24  Exhibit B to this Agreement and agree that this statement of facts is

25  sufficient to support a plea of guilty to the charge described in

26  this Agreement and to establish the Sentencing Guidelines factors set

27  forth in Paragraph 15 below but is not meant to be a complete

28

recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

SENTENCING FACTORS AND AGREED-UPON SENTENCE

14.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors, as directed by U.S.S.G. §§ 8C2.3 and 8C2.4:

| | | |
|---|---|---|
| Base Offense Level: | 20 | [U.S.S.G. § 2T3.1(a)(1); 2T4.1; Application Note 2] |
| Acceptance of Responsibility: | -2 | [U.S.S.G. § 3E1.1(b)] |
| Total Offense Level: | 18 | |
| Guideline Base Fine: | $600,000 | |

16.   Pursuant to 18 U.S.C. §§ 3561, 3571(d), 18 U.S.C. 3013(a)(2), Chapter 8 of the Sentencing Guidelines and the factors set forth in Title 18, United States Code, Sections 3553(a) and 3572, including the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the parties agree that defendant shall be sentenced as follows:

a.   <u>Probation</u>: Defendant shall be sentenced to probation for a term of one year with standard conditions as set forth in General Order No. 20-04.

b.   <u>Criminal Fine</u>: In accordance with 18 U.S.C. § 3571(d), Defendant shall pay a total criminal fine of $600,000.  All payments shall be made by certified check or wire transfer to the Clerk of the United States District Court for the Central District of California. The parties stipulate and agree that the alternative fine provision in 18 U.S.C. § 3571(d) authorizes the imposition of a fine in the amount to which the parties have agreed.

c.   <u>Criminal Forfeiture</u>: The entry of a money judgment of forfeiture against defendant in the amount of $650,000, which sum defendant admits was derived from proceeds traceable to the violations described in the factual basis.  Defendant understands that the money judgment of forfeiture is part of defendant's sentence, and is separate from any fines or restitution that may be imposed by the Court.  Defendant agrees to pay and satisfy the $650,000 amount within ten days of entry of the money judgment of forfeiture.

d.   <u>Special Assessment</u>: Defendant shall pay a total special assessment of $400.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel at trial.
Defendant understands, however, that, defendant retains the right to
be represented by counsel at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses
against defendant.

f.   The right to testify and to present evidence in
opposition to the charge, including the right to compel the
attendance of witnesses to testify.

g.   Any and all rights to pursue any affirmative defenses,
Fourth Amendment or Fifth Amendment claims, and other pretrial
motions that have been filed or could be filed.

<u>WAIVER OF STATUTE OF LIMITATIONS</u>

18.  Having been fully advised by defendant's attorney regarding
application of the statute of limitations to the offense to which
defendant is pleading guilty, defendant hereby knowingly,
voluntarily, and intelligently waives, relinquishes, and gives up:
(a) any right that defendant might have not to be prosecuted for the
offense to which defendant is pleading guilty because of the
expiration of the statute of limitations for the offense prior to the
filing of the information alleging the offense; and (b) any defense,
claim, or argument defendant could raise or assert that prosecution
of the offense to which defendant is pleading guilty is barred by the
expiration of the applicable statute of limitations, pre-indictment
delay, or any speedy trial violation.

1          ## WAIVER OF APPEAL OF CONVICTION

2          19.  Defendant understands that, with the exception of an appeal

3    based on a claim that defendant's guilty pleas were involuntary, by

4    pleading guilty defendant is waiving and giving up any right to

5    appeal defendant's convictions on the offenses to which defendant is

6    pleading guilty.

7          ## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

8          20.  Defendant agrees that, provided the Court imposes the

9    sentence specified within paragraphs 15 above, defendant gives up the

10   right to appeal any portion of the sentence.

11         21.  The USAO agrees that, provided the Court imposes the

12   sentence specified in paragraphs 15 above, the USAO gives up its

13   right to appeal any portion of the sentence.

14         ## RESULT OF WITHDRAWAL OF GUILTY PLEA

15         22.  Defendant agrees that if, after entering a guilty plea

16   pursuant to this Agreement, defendant seeks to withdraw and succeeds

17   in withdrawing defendant's guilty plea on any basis other than a

18   claim and finding that entry into this plea agreement was

19   involuntary, then (a) the USAO will be relieved of all of its

20   obligations under this Agreement; and (b) should the USAO choose to

21   pursue any charge or any civil, administrative, or regulatory action

22   that was either dismissed or not filed as a result of this Agreement,

23   then (i) any applicable statute of limitations will be tolled between

24   the date of defendant's signing of this Agreement and the filing

25   commencing any such action; and (ii) defendant waives and gives up

26   all defenses based on the statute of limitations, any claim of pre-

27   indictment delay, or any speedy trial claim with respect to any such

28

action, except to the extent that such defenses existed as of the date of defendant's signing this Agreement.

### EFFECTIVE DATE OF AGREEMENT

23.  This Agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the signature of this Agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this Agreement ("a breach"), the USAO may declare this Agreement breached.  All of defendant's obligations are material, a single breach of this Agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty plea pursuant to this Agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this Agreement, in particular, the USAO: (i) will no longer be bound by any agreements concerning sentencing and will be free to seek any sentence up to the statutory maximum for the crimes to which defendant has pleaded guilty; and (ii) will no longer be bound by any agreements regarding criminal prosecution, and will be free to criminally prosecute defendant for any crime, including charges that the USAO would otherwise have been obligated to dismiss or not to criminally prosecute pursuant to this Agreement,

and (c) the USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

25. Following the Court's finding of a knowing breach of this Agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this Agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this Agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this Agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this Agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1                    COURT AND PROBATION OFFICE NOT PARTIES

2        26.  Defendant understands that the Court and the United States

3   Probation Office are not parties to this agreement and need not

4   accept any of the USAO's sentencing recommendations or the parties'

5   agreements to facts, sentencing factors, or sentencing.  Defendant

6   understands that the Court will determine the facts, sentencing

7   factors, and other considerations relevant to sentencing and will

8   decide for itself whether to accept and agree to be bound by this

9   agreement.

10       27.  Defendant understands that both defendant and the USAO are

11  free to: (a) supplement the facts by supplying relevant information

12  to the United States Probation Office and the Court, (b) correct any

13  and all factual misstatements relating to the Court's Sentencing

14  Guidelines calculations and determination of sentence, and (c) argue

15  on appeal and collateral review that the Court's Sentencing

16  Guidelines calculations and the sentence it chooses to impose are not

17  error, although each party agrees to maintain its view that the

18  calculations and sentence referenced in paragraphs 15 and 16 are

19  consistent with the facts of this case.  While this paragraph permits

20  both the USAO and defendant to submit full and complete factual

21  information to the United States Probation Office and the Court, even

22  if that factual information may be viewed as inconsistent with the

23  facts agreed to in this agreement, this paragraph does not affect

24  defendant's and the USAO's obligations not to contest the facts

25  agreed to in this Agreement.

26                       NO ADDITIONAL AGREEMENTS

27       28.  Defendant understands that, except as set forth herein,

28  there are no promises, understandings, or agreements between the USAO

15

and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

//

//

//

//

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          29.   The parties agree that this Agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     Acting United States Attorney
9

10   BRANDON D. FOX
     Chief, Criminal Division
11

12
     *Joseph O. Johns* 2/2/21
13   JOSEPH O. JOHNS                              Date
     Assistant United States Attorney
14

15
     *Mark Goldstein*                             1-19-2021
16   MARK GOLDSTEIN, M.D.                          Date
     Authorized Representative for
17   Defendant Hematology Oncology
     Consultants
18

19
     *Stanley Rossman, MD*                        01/19/2021
20   STANLEY ROSSMAN, M.D.                         Date
     Authorized Representative for
21   Defendant Hematology Oncology
     Consultants
22

23
                                                  1/28/01
24   DOUGLAS A. AXEL                               Date
     Attorney for Defendant Hematology
25   Oncology Consultants

26

27

28
                              17

1                        <u>CERTIFICATION OF DEFENDANT</u>

2          This Agreement has been read to me in its entirety.  As the

3    authorized representative of the partnership defendant, I have had

4    enough time to review and consider this Agreement, and I have

5    carefully and thoroughly discussed every part of it with Hematology

6    Oncology Consultants' attorney.  On behalf of the partnership

7    defendant, I understand the terms of this Agreement, and I

8    voluntarily agree to those terms.  I have discussed the evidence with

9    Hematology Oncology Consultants' attorney, and its attorney has

10   advised me of the partnership defendant's rights, of possible

11   pretrial motions that might be filed, of possible defenses that might

12   be asserted either prior to or at trial, of the sentencing factors

13   set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

14   provisions, and of the consequences of entering into this Agreement.

15   No promises, inducements, or representations of any kind have been

16   made to me or the partnership defendant other than those contained in

17   this Agreement.  No one has threatened or forced me or the

18   partnership defendant in any way to enter into this Agreement.  I am

19   satisfied with the representation of Hematology Oncology Consultants'

20   attorney in this matter, and the partnership defendant is pleading

21   guilty because it is guilty of the charges and wishes to take

22   advantage of the promises set forth in this Agreement, and not for

23   any other reason.

24   _____        1-19-2021
                                            _____
25   MARK GOLDSTEIN                          Date
     Authorized Representative for
26   Defendant Hematology Oncology
     Consultants
27

28

                                      18

1                    CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am Hematology Oncology Consultants' attorney.  I have

3    carefully and thoroughly discussed every part of this Agreement with

4    my client.  Further, I have fully advised my client of its rights, of

5    possible pretrial motions that might be filed, of possible defenses

6    that might be asserted either prior to or at trial, of the sentencing

7    factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

8    Guidelines provisions, and of the consequences of entering into this

9    Agreement.  To my knowledge: no promises, inducements, or

10   representations of any kind have been made to my client other than

11   those contained in this Agreement; no one has threatened or forced my

12   client in any way to enter into this Agreement; my client's decision

13   to enter into this Agreement is an informed and voluntary one; and

14   the factual basis set forth in this Agreement is sufficient to

15   support my client's entry of guilty pleas pursuant to this Agreement.

16

17

18   _____          _____
     DOUGLAS A. AXEL                          Date
19   Attorney for Defendant Hematology
     Oncology Consultants

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

```
                                          ┌─────────────────────────┐
                                          │          FILED          │
                                          │ CLERK, U.S. DISTRICT COURT │
                                          │                         │
                                          │      2/8/2021           │
                                          │                         │
                                          │ CENTRAL DISTRICT OF CALIFORNIA │
                                          │  BY: ____JB____ DEPUTY  │
                                          └─────────────────────────┘
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No.  2:21-cr-00026 -SVW |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 545: Receiving Prescription Drugs Imported Contrary to Law; 21 U.S.C. §§ 331(c) and 333(a)(1): Receipt of Misbranded Drugs in Interstate Commerce and Proffered Delivery Thereof For Pay; 18 U.S.C. §§ 545 and 982 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| HEMATOLOGY ONCOLOGY CONSULTANTS, a California General Partnership, MARK GOLDSTEIN, and STANLEY ROSSMAN, | |
| Defendants. | |

The Acting United States Attorney charges:

COUNT ONE

[18 U.S.C. § 545]

[Defendant HEMATOLOGY ONCOLOGY CONSULTANTS]

On or about June 2008 through on or about October 20, 2011, in

Los Angeles County, within the Central District of California, and

elsewhere, defendant HEMATOLOGY ONCOLOGY CONSULTANTS, a California

General Partnership, knowingly received and bought merchandise,

namely, misbranded and unapproved new drugs, after their importation,

knowing the merchandise to have been imported or brought into the

United States contrary to law.  Specifically, defendant HEMATOLOGY
ONCOLOGY CONSULTANTS received and bought misbranded and unapproved
new drugs, namely Altuzan, knowing that such merchandise had been
imported into the United States without being listed for commercial
distribution, as required by Title 21, United States Code, Section
352(o), in violation of Title 21, United States Code, Section 331(a),
and without being approved by the United States Food and Drug
Administration, as required by Title 21, United States Code, Section
355(a), in violation of Title 21, United States Code, Section 331(d).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[21 U.S.C. §§ 331(c), 333(a)(1)]

[Defendants GOLDSTEIN and ROSSMAN]

From on or about June 2008 through on or about October 20, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendants MARK GOLDSTEIN and STANLEY ROSSMAN received in interstate commerce, and caused the receipt in interstate commerce, of misbranded drugs, namely, misbranded and unapproved Altuzan, and delivered and proffered the delivery thereof for pay, and caused the delivery and caused the proffered delivery thereof for pay.

3

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982(a)(2)(B) and 545]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 545, and Title 28, United States Code, Section 2461(c), in the event of any of the defendant's conviction of the offense set forth in Count One of this Information.

2.    Any defendant so convicted shall forfeit to the United States the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense;

(b)  Any and all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

4

sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

2

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c)]

3    1.    Pursuant to Rule 32.2(a), Fed. R. Crim. P., notice is

4  hereby given that the United States will seek forfeiture as part of

5  any sentence, pursuant to Title 18, United States Code, Section

6  982(a)(7) and Title 28, United States Code, Section 2461(c), in the

7  event of any defendant's conviction of the offense set forth in Count

8  Two of this Information.

9    2.    Any defendant so convicted shall forfeit to the United

10  States of America the following:

11        (a)   All right, title, and interest in any and all

12  property, real or personal, that constitutes or is derived, directly

13  or indirectly, from the gross proceeds traceable to the commission of

14  the offense of conviction; and

15        (b)   To the extent such property is not available for

16  forfeiture, a sum of money equal to the total value of the property

17  described in subparagraph (a).

18    3.    Pursuant to Title 21, United States Code, Section 853(p),

19  as incorporated by Title 28, United States Code, Section 2461(c), and

20  Title 18, United States Code, Section 982(b), any defendant so

21  convicted shall forfeit substitute property, up to the total value of

22  the property described in the preceding paragraph if, as a result of

23  any act or omission of said defendant, the property described in the

24  preceding paragraph, or any portion thereof (a) cannot be located

25  upon the exercise of due diligence; (b) has been transferred, sold to

26  or deposited with a third party; (c) has been placed beyond the

27  jurisdiction of the Court; (d) has been substantially diminished in

28

1   value; or (e) has been commingled with other property that cannot be

2   divided without difficulty.

3

4                                        TRACY L. WILKISON
                                        Acting United States Attorney

5

6

7                                         BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division

8

9                                         JOSEPH O. JOHNS
                                        Assistant United States Attorney
                                        Chief, Environmental and Community

10                                           Safety Crimes Section

11                                         SONIA W. NATH
                                        Special Assistant United States

12                                         Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

FACTUAL BASIS IN SUPPORT OF PLEA AGREEMENT

At all times material and relevant to the information filed in this matter:

1.    Hematology Oncology Consultants ("defendant") was a California General Partnership located in West Hills and Van Nuys, California.

2.    Mark Goldstein and Stanley Rossman were oncologists who were partners in defendant, either in their individual capacity and/or through a professional corporation.

3.    From approximately 2008 through 2011, defendant purchased discounted oncology drugs from Montana Healthcare Solutions, a business that sourced drugs from foreign markets.  The foreign market drugs violated the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., insofar as they were, *inter alia*, (a) misbranded under 21 U.S.C. § 352(o) because they were not listed with the FDA for commercial distribution in the United States; (b) unapproved new drugs under 21 U.S.C. §§ 321(p), 355(a); and (c) brought into the United States in violation of 21 U.S.C. §§ 331(c) (receipt in interstate commerce and the proffered delivery for pay or otherwise of a misbranded drug) and 331(d) (introduction into interstate commerce of an unapproved new drug).

4.    In March 2009, a Special Agent from the FDA's Office of Criminal Investigations ("FDA-OCI") visited defendant's office and spoke with the office manager who said she could not remember purchasing drugs from the supplier under investigation, and only purchased drugs from "approved distributors."

20

5.   From June 2008 through October 2010, defendant purchased over $1,000,000 of drugs from Montana Healthcare Solutions. In October 2010, Montana Healthcare Solutions was acquired by Canada Drugs, Ltd. ("Canada Drugs"). On April 13, 2018, Canada Drugs pleaded guilty to illegal sales of misbranded and counterfeit prescription drugs that were unapproved in the United States.

6.   Defendant's office manager placed the orders for the foreign market prescription drugs with Montana Healthcare Solutions in part because they were lower in price than the prescription drugs available from domestic suppliers.  The office manager – and thereby, defendant – knew that at least some of the drugs purchased from Montana Healthcare Solutions were illegal foreign market prescription drugs.

7.   Many of the invoices from Montana Healthcare Solutions indicated that the drugs were meant for foreign markets, such as Turkey or the European Union, and some of the invoices identified the drugs by different names.  For instance, in an invoice to defendant dated March 17, 2011, Montana Healthcare Solutions listed one of the items purchased as "Altuzan (bevacizumab) (known as Avastin in the U.S.) (Refrigerated) – Turkey- 400mg/16ml – 1 vial."  The invoice provided that the product would be shipped to defendant at its business address in the Central District of California. The drug "Altuzan" was not approved by the FDA, and was not listed with the FDA as a drug meant for commercial distribution in the United States.

8.   Defendant's last purchase from Montana HealthCare Solutions was on October 20, 2011.  In February 2012, Montana Healthcare Solutions notified defendant that some of the Avastin  it had shipped to defendant during the period of October 5, 2011 to October 21, 2011

(invoice numbers 60645 and 61417) likely consisted of counterfeit
Avastin that did not contain the medicine's active ingredient,
bevacizumab.